UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW H., <br>    Plaintiff, <br><br> v. <br><br> LELAND DUDEK[1], <br> Acting Commissioner, Social Security, <br><br>    Defendant. | Case No. 21-cv-07897-JSC <br><br> **ORDER MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** <br><br> Re: Dkt. No. 27 |

Plaintiff's counsel, Patricia L. McCabe, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No 27.) After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

## BACKGROUND

This case stems from Plaintiff's appeal of the Social Security Administration's ("SSA") denial of his application for disability benefits for physical impairments including osteoporosis, seizure disorder, alcohol abuse, and hyperparathyroidism. Plaintiff filed his motion for summary judgment on June 13, 2022. (Dkt. No. 18.) The government did not file an opposition brief, and instead, stipulated to a voluntary remand under § 405(g), sentence four. (Dkt. No. 23.) On October 31, 2022, the Court granted Plaintiff's application for $6,500.00 in fees under the Equal

---

[1] Leland Dudek became Commissioner of Social Security on February 18, 2025. Pursuant to FRCP Rule 25(d), Leland Dudek should be substituted as the defendant in this suit.

Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).  (Dkt. No. 26.)

Following remand, the SSA found plaintiff disabled.  (Dkt. No. 27-5.)  Plaintiff was awarded disability benefits as of January 1, 2019, which resulted in total back due benefits of $72,234.00.  (*Id.*)  The SSA withheld 25 percent of the total retroactive benefits, $18,058.50, for payment of attorney's fees.  (Dkt. No. 27-6.)  Pursuant to Plaintiff and his counsel's contingency fee agreement of this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff.  (Dkt. No. 27-2 at 2.)  Counsel has already been awarded attorney's fees in the amount of $7,200.00 pursuant to Section 406(a) for services rendered in connection with administrative proceedings.  (Dkt. No. 27-6.)   Plaintiff now seeks attorney's fees in the amount of $10,858.50 under Section 406(b).  (Dkt. No. 27-1 at 5).  From this amount, counsel agrees to refund Plaintiff $6,500 for EAJA fees and offers to "refund" Plaintiff $715.00 to account for scheduling delays.  (Dkt. No. 27-1 at 5.)  Counsel thus seeks net attorney's fees of $3,643.50.  (*Id.*)  Plaintiff's counsel served Plaintiff with a copy of this motion.  (Dkt. No 27 at 5.)  The Commissioner filed a response in which he took no position on Plaintiff's motion.  (Dkt. No. 29.)

## LEGAL STANDARD

Section 406(b) provides "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A).  A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The court's review of a fee agreement is based on the character

1  of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include

2  analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel

3  to accumulate additional fees; whether the requested fees are excessively large in relation to the

4  benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at

5  1151-52.

6  A court must offset an award of Section 406(b) attorneys' fees by any award of fees

7  granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*,

8  698 F.3d 1215, 1218 (9th Cir. 2012).

## DISCUSSION

Plaintiff's counsel has demonstrated the amount of fees requested under 406(b) is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

First, while not dispositive, Plaintiff's and counsel's contingency fee arrangement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 27-1.)

Second, there is no indication a reduction in fees is warranted due to any substandard performance by counsel or that counsel delayed these proceeding in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as the Commissioner agreed to a voluntary remand for further proceedings after receipt of Plaintiff's motion for summary judgment. (Dkt. No. 23.) Additionally, counsel voluntarily agrees to discount the attorney's fees sought under 406(b) by $715.00 based on counsel's request for two continuances which resulted in a 72-day delay. (Dkt. No. 27-1 at 5.) While counsel proposes this amount be awarded as fees which she will "refund" to Plaintiff, the proper course, given counsel's concession she is not entitled to these fees, is to decline to award them. Upon notice of this Order, SSA should then "release the remaining amount" to Plaintiff. (Dkt. No. 27-6 at 2.)

Nor is the amount of fees, $10,858.50, excessive. *See, e.g.*, *James F. v. King*, No. 3:21-CV-08392-JSC, 2025 WL 510432 (N.D. Cal. Feb. 14, 2025) (awarding $43,914.40 in fees following an award of $175,661.70); *Fernandez v. King*, No. 21-CV-01238-TSH, 2025 WL

277398 (N.D. Cal. Jan. 23, 2025) (awarding $32,136 in fees following an award of $128,544); *Mirto v. Colvin*, No. 23-CV-03198-SVK, 2024 WL 5250081 (N.D. Cal. Dec. 30, 2024) (awarding $9,621.42 in fees following an award of $38,485.69); *Barton v. Colvin*, No. 21-CV-9662-RMI, 2024 WL 5173257 (N.D. Cal. Dec. 18, 2024) (awarding $17,433.75 in fees following an award of $69,735).

Lastly, the Court finds Plaintiff's counsel assumed a substantial risk of not recovering fees when accepting this case. At the time counsel filed this action, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know the Commissioner would agree to a remand. Further, counsel notes the risk Plaintiff's alcohol-use disorder could have precluded the claim in both the United States District Court and in the underlying administrative action. (Dkt. No. 27-1 at 8.) Accordingly, the Court finds the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $10,143.50 payable to The Law Offices of Patricia L. McCabe. Plaintiff's counsel is ordered to refund to Plaintiff the previously awarded EAJA fees in the amount of $6,500.00.

This Order disposes of Docket. No. 27.

**IT IS SO ORDERED.**

Dated: April 7, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

4